**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4755**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TERRENCE ANTOINE MCARTHUR,

                    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, Chief District Judge. (3:11-cr-00055-1)

Submitted: March 10, 2015          Decided: March 18, 2015

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael A. Davenport, LAMBERT LAW OFFICE, Ironton, Ohio, for Appellant. Richard Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence Antoine McArthur appeals his sentence imposed by the district court upon revocation of his supervised release. McArthur admitted the alleged violations, and the district court sentenced him at the high end of his Chapter Seven policy statement range to 18 months in prison followed by 18 months of supervised release. McArthur's attorney has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning the propriety of his sentence. McArthur was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm the sentence if it is within the statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). Only if we conclude that the sentence is unreasonable must we decide whether it is plainly so. United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). We presume that a sentence within the Chapter Seven policy statement range is reasonable. Webb, 738 F.3d at 642.

We have reviewed the record and conclude that McArthur's sentence is both within the statutory maximum and the policy statement range, and he fails to rebut the presumption that it

2

is reasonable. On appeal, he argues that he should be granted relief from the sentence because he was not provided a community confinement center placement when he was first released from prison. However, the district court adequately explained why a prison sentence at the high end of the policy statement range was appropriate in this case, and the court considered his argument by ordering as a special condition of supervised release that he reside in a community confinement center for the first six months. McArthur also argues that the court's oral pronouncement at sentencing differs from the written judgment. In such a case, the oral pronouncement controls. See United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003). However, having reviewed the record, we find no conflict between the oral pronouncement and written judgment in this case.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED